```
 1 | MCGREGOR W. SCOTT
   | United States Attorney
 2 | EDWARD B. STANDEFER
   | Designated Local Rule 180 Prosecutor
 3 | 2500 Tulare Street, Suite 4401
   | Fresno, California 93721
 4 | Telephone: (559) 497-4000
   | Facsimile: (559) 497-4099
 5 |
   | Attorneys for the
 6 | United States of America
 7 |
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CASE NO. ~~1:15-MJ-00186-SAB~~ |
|---|---|
| Plaintiff, | ) |
| v. | ) MEMORANDUM OF PLEA AGREEMENT |
|   | ) PURSUANT TO RULE 11(c) OF THE |
|   | ) FEDERAL RULES OF CRIMINAL |
| JIMMY HOUMOLLER | ) PROCEDURE |
| Defendant. | ) |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through MCGREGOR W. SCOTT, the United States Attorney for the Eastern District of California, and Designated Local Rule 180 Prosecutor EDWARD B. STANDEFER, and defendant, JIMMY HOUMOLLER and his attorney, KIM SCHUMANN have agreed as follows:

1. <u>Charges</u>

The defendant acknowledges that he has been charged in this case in a one (1) count complaint, as follows:

//

//

Count One: Operating and being in control of a vehicle while under the influence of alcohol where the alcohol concentration is 0.08 or greater in violation of Title 36, Code of Federal Regulations, Section 4.23(a)(2) (Class B Misdemeanor).

2. Agreements by the Defendant

(a) The defendant agrees that this Plea Agreement shall be filed with the Court and become a part of the record of the case.

(b) The defendant agrees to enter a plea of guilty to Count One of the complaint, which charges him with operating and being in control of a vehicle while under the influence of alcohol where the alcohol concentration is 0.08 or greater in violation of Title 36, Code of Federal Regulations, Section 4.23(a)(2).

(c) The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court fail to follow the Government's sentencing recommendations.

(d) The defendant knowingly and voluntarily waives his Constitutional, statutory and legal rights to appeal his plea, conviction, or sentence. This waiver of appeal includes, but is not limited to, an express waiver of the defendant's right to appeal his plea, conviction, or sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742 or otherwise. The defendant further agrees not to contest his plea, conviction, or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. §§ 2255, except for non-waivable claims.

(e) The defendant further acknowledges that his plea of guilty is voluntary and that no force, threats, promises or representations

have been made to anybody, nor agreement reached, other than those set forth expressly in this Plea Agreement, to induce the defendant to plead guilty.

(f) Defendant agrees to pay a one thousnad two hundred dollar ($1,200.00) fine, pay a thirty dollar ($30.00) penalty assessment, and complete three (3) months of once weekly alcohol abuse counseling through the company Rusmiddelcenter Viborg in his home country of Denmark. The defendant would need to provide proof of completion of the alcohol abuse counciling to the Court to meet the terms of this agreement.

(g) The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(h) Should the defendant not be a citizen of the United States, the defendant hereby acknowledges that adverse immigration consequences, including but not limited to removal from the United States, exclusion from admission into the United States, and/or denial of naturalization in the United States, may result from his plea.

3. Agreements by the Government

(a) On Count One, the Government agrees to recommend that the defendant pay a one thousand two hundred dollar ($1,200.00) fine, pay a thirty dollar ($30.00) penalty assessment, and complete three (3)

months of once weekly alcohol abuse counseling through the company Rusmiddelcenter Viborg in his home country of Denmark. The defendant would need to provide proof of completion of the alcohol abuse counciling to the Court to meet the terms of this agreement.

4. Nature, Elements and Possible Defenses

The defendant has read the charges against him contained in the Complaint, and those charges have been fully explained to him by his attorney. Further, the defendant fully understands the nature and elements of the crime in the Complaint to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

COUNT ONE: [Operating and being in control of a vehicle while under the influence of alcohol where the alcohol concentration is 0.08 or greater] (36 C.F.R. § 4.23(a)(2)):

First, the defendant was in the State and Eastern District of California;

Second, the defendant was operating or was in physical control of a motor vehicle;

Third, the blood alcohol concentration of the defendant was 0.08% or greater

5. Factual Basis

The defendant concedes that he will plead, and is pleading, guilty to the crime set forth in Count One of the complaint, because he is, in fact, guilty of that offense. The defendant also agrees that the following are the true and correct facts of this case:

On or about December 5, 2018, in Death Valley National Park, in the State and Eastern District of California, defendant was driving a vehicle and had a breath alcohol concentration of 0.181% while operating the vehicle.

6. **Potential Sentence**

The following is the maximum potential sentence which the defendant faces:

COUNT ONE: [Operating and being in control of a vehicle while under the influence of alcohol where the alcohol concentration is 0.08 or greater] (36 C.F.R. § 4.23(a)(2)):

    (a) Imprisonment.

        Maximum: Six (6) months.

    (b) Fine.

        Maximum: Five Thousand Dollars ($5,000).

    (c) Both such fine and imprisonment.

    (d) Penalty Assessment.

        Mandatory: Thirty dollars ($30.00).

7. **Waiver of Rights**

The defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial by a judge sitting without a jury.

(b) The judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(c) At a trial, the Government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those Government witnesses and his attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on his own behalf. If the

witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, one would be appointed for him by the Court at no expense to him.

(d) At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

The defendant understands that by pleading guilty he is waiving all of the rights set forth above, and acknowledges that his attorney has explained to him those rights and the consequences of his waiver of those rights.

8. Questions by Court

The defendant understands that if the Court questions him under oath, on the record and in the presence of counsel, about the offense

//

to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

9. Entire Agreement

This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of any promises apart from those specifically set forth in this Plea Agreement. There have been no representations or promises from anyone as to what sentence the Court will impose.

10. Court not a Party

(a) It is understood by the parties that the Sentencing Court is neither a party to nor bound by this agreement and the sentencing

judge is free to impose the maximum penalties as set forth in paragraph 6. Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the defendant's criminal activities, including activities which may not have been charged in the complaint.

MCGREGOR W. SCOTT
United States Attorney

Dated: 9-2-2019   By: /s/ Edward Standefer
EDWARD B. Standefer
Designated Local Rule 180 Prosecutor

Dated: 9-3-2019   By: /s/ Jimmy S. Houmoller
JIMMY HOUMOLLER
Defendant

Dated: 9/3/19   By: /s/ Kim Schumann
KIM SCHUMANN
Attorney for Defendant

ORDER

1. The plea agreement is APPROVED;

2. The defendant is placed on one-year of court-supervised probation. If he returns to the United States during this one-year period, he SHALL comply with all federal, state and local laws;

3. He SHALL provide proof of completion of the alcohol abuse counseling no later than March 6, 2020;

4. The hearing on September 10, 2019 is VACATED;

5. The Court sets a status conference on December 3, 2019 at 9:00 a.m. By that time, the defendant SHALL have paid the fine and special assessment and should have nearly completed the required counseling.

IT IS SO ORDERED.

Dated: September 6, 2019

/s/ Jennifer L. Thurston
Jennifer L. Thurston
U.S. MAGISTRATE JUDGE